## CYRUS B. TRASK *vs.* WILLIAM L. PENNELL.

*Chattel mortgage—when it may be redeemed.*

Since April 12, 1861, the sixty days after which the right to redeem mortgages of personal property to secure the payment of more than thirty dollars will be forfeited, commence to run when the notice provided in R. S. c. 91, § 4, is given and recorded.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court, in and for the county of Cumberland.

WALTON, J. This is an action of trespass against an officer for attaching the plaintiff's goods, on a writ against a third person. The goods were mortgaged to secure more than thirty dollars before the plaintiff bought them. His title, therefore, was that of a mortgager. The judge ruled, as matter of law, that the action could not be maintained. His ruling seems to have been based on the idea that a mortgage of personal property is foreclosed, in sixty days from the breach of its conditions, by operation of law. He says:

"I rule, as matter of law, *pro forma*, that plaintiff, according to his own testimony and the admitted facts hereinbefore set forth, cannot maintain this action, the assignee of the mortgage holding a mortgage on the whole of the property in question, the conditions whereof had been broken for more than sixty days, and a balance of the note secured thereby being at the time of the alleged trespass and of the commencement of this suit and still being overdue and unpaid."

This was erroneous. As the law now is, and as it has been since 1861, the sixty days do not commence to run till written notice of an intention to foreclose the mortgage has been given and recorded. Act of 1861, c. 23; R. S. c. 91.

*Exceptions sustained.*

*New trial granted.*

APPLETON, C. J.; KENT, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.

*L. D. M. Sweat*, for the plaintiff.

*S. C. Strout & H. W. Gage*, for the defendant.